UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AZEB RAY,  § | |
|     Plaintiff,  § | |
| § | |
| v.  § | No. 3:13-CV-4087-G (BF) |
| § | |
| OCWEN LOAN SERVICING, LLC,  § | |
|     Defendant.  § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Ocwen Loan Servicing, LLC, as Mortgage Servicer for U.S. Bank National Association, as Trustee Under the Pooling and Servicing Agreement dated as of October 1, 2006, GSAMP Trust 2006-HE7's ("Defendant") Motion to Dismiss Plaintiff Azeb Ray's ("Plaintiff") Original Petition for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement ("Motion to Dismiss") [D.E. 9]. Plaintiff failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion to Dismiss [D.E. 9].

### BACKGROUND

On October 1, 2013, Plaintiff filed her *pro se* Original Verified Petition and Motion for Ex Parte Temporary Restraining Order and Application for Temporary Injunction in the 192nd Judicial District Court in Dallas County, Texas seeking quiet title and injunctive relief to prevent Defendant from forcibly taking possession of a property located at 5907 Worth Street, Dallas, Texas 75214 (the "Property"). *See* Pet. [D.E. 1-1 at 5-9]. Plaintiff contends that Defendant sought to wrongfully

foreclose on the Property "without proper verification of the debt at issue herein." *See id.* [D.E. 1-1 at 7]. Plaintiff's request for a temporary restraining order ("TRO") was granted by the state court and the TRO expired on October 15, 2013. *See* TRO [D.E. 1-1 at 35]. Defendant removed the action to this Court on October 9, 2013. On October 23, 2013, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) arguing that Plaintiff's complaint should be dismissed for failure to state a claim because it is based on the "show me the note" theory rejected by courts in Texas. *See* Mot. to Dismiss [D.E. 9 at 2]. In the alternative, pursuant to Rule 12(e), Defendant seeks an order from the Court directing Plaintiff to re-plead her complaint so that she can provide Defendant with sufficient notice of the facts underlying her causes of action. *See* Br. in Supp. of Mot. to Dismiss [D.E. 10 at 7-8].

## STANDARD OF REVIEW

Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

2

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)).

Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.*, 7 F.3d at 75 (citing *Hughes*, 449 U.S. at 9). However, while the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive

law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

### Show Me the Note Theory

Defendant contends that "Plaintiff's claims are predicated upon the flawed 'show me the note' theory, roundly rejected by courts of this state." *See* Mot. to Dismiss [D.E. 9 at 2]. Defendant contends that Plaintiff implicitly alleges that Defendant has not produced the documents necessary to pursue a foreclosure, and in doing so, implies that Defendant must prove that the trust holds the note or the deed of trust before foreclosure could take place - prerequisites not required under Texas law. *See* Br. in Supp. of Mot. to Dismiss [D.E. 10 at 5-6]. "The 'show me the note' theory, which has been rejected in this circuit, holds that only the holder of the 'original, wet-ink signature note has the lawful power to initiate a non-judicial foreclosure.'" *Onyekwere v. Bank of America, N.A.*, No. 3:13-CV-2557-B, 2014 WL 1032447, at *6 (N.D. Tex. Mar. 18, 2014) (quoting *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751-55 (N.D. Tex. 2013)). Plaintiff contends that under applicable law, Defendant must demonstrate that it holds a valid and enforceable lien through the production of evidence but that she has been unsuccessful in obtaining such proof from Defendant. *See* Pet. [D.E. 1-1 at 6-7]. Plaintiff claims that Defendant, "without proper verification of the debt at issue herein, is seeking to wrongfully foreclose," and seeks "an *in camera* review by this Court to establish the validity and enforceability of any lien asserted." *See id.* [D.E. 1-1 at 6-7]. These claims raise a challenge to a foreclosure on the basis that Defendant must demonstrate its authority prior to foreclosure taking place. Hence, Plaintiff's claims here are broader than the specific contention that Defendants does not hold the "original, wet-ink signature note."

4

<u>Suit to Quiet Title</u>

Under Texas law, the elements of a cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.-Texarkana 1991, writ denied)). Here, Plaintiff seeks "an *in camera* review by this Court to establish the validity and enforceability" of Defendant's claim and "in the event [Defendant] cannot establish such an interest, Plaintiff seeks an equitable ruling from this Court to remove such a claim from his title interest." *See id.* [D.E. 1-1 at 6-7]. Because Plaintiff seeks assistance from the Court in determining the validity and enforceability of Defendant's claim, Plaintiff is not alleging here that Defendant's claim is invalid or unenforceable. Plaintiff is merely seeking to determine whether Defendant's claim is valid or not. Therefore, because Plaintiff failed to allege that Defendant's claim is invalid or unenforceable, Plaintiff has failed to state a claim for quiet title.

<u>Injunctive Relief</u>

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010). *See also Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 494 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (stating that party cannot obtain temporary injunction unless it proves, *inter alia*, "(1) a cause of action [and] (2) a probable right to recover on that cause of action"). Because Plaintiff failed to adequately state an underlying cause of action, Plaintiff is not entitled to injunctive relief.

## RECOMMENDATION

The undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss [D.E. 9] and dismiss Plaintiffs' Complaint with prejudice pursuant to Rule 12(b)(6). While the Court would ordinarily allow Plaintiff to amend her complaint in an attempt to cure the pleading defects identified by Defendant, Plaintiff never sought leave to amend her initial pleading nor filed a response to Defendant's Motion to Dismiss. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). In fact, Plaintiff has not filed anything in this case subsequent to Defendant's removal on October 9, 2013. Therefore, the undersigned determines that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz*, 2012 WL 1836095, at *7 (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

**SO RECOMMENDED**, this 14th day of July, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).